MINNEAPOLIS THRESHING MACH. CO. *vs.* FIREMEN'S INS. CO. OF CHICAGO.

Argued April 5, 1894.    Affirmed April 14, 1894.

No. 8474.

**"While not in use" in a fire insurance policy construed.**

> The defendant insured against loss by fire a threshing machine engine and separator "while not in use." The property, which had not been used for threshing for some two weeks, was hauled out into the country, and left standing near a farm house, preparatory to its intended use a few days later, and, while standing there, the separator was destroyed by fire. The fire was not caused by any hazard incident to the actual use or operation of either the engine or separator. *Held*, that the property was not "in use" within the meaning of the policy.

Appeal by defendant, the Fireman's Insurance Company of Chicago, Ill., from an order of the District Court of Hennepin County, *Henry G. Hicks*, J., made July 3, 1893, denying its motion for a new trial.

*C. M. Hertig* and *R. A. Daly*, for appellant.

*James O. Pierce*, for respondent.

MITCHELL, J.   On October 8, 1891, the defendant issued to one Foss its policy of insurance for one year against loss by fire on his threshing machine engine and separator "while not in use;" loss, if any, payable to the plaintiff, as its interest might appear. The separator was destroyed by fire on October 1, 1892, and really the only question in the case is whether the property was "in use," within the meaning of the policy, at the time of the loss.

The engine and separator had been used in threshing in the early

part of September, 1892, but had not been so used for two weeks prior to the date of the fire, having been taken and kept during that time in the village of Madelia, for the purposes of repairs. On October 1, 1892, the engine was fired up, and used as a traction engine in hauling the separator seven miles out in the country, preparatory to the intended use, two days later, of both engine and separator in threshing. The property was left standing about ten rods from a farm house and some fifteen rods from the stacks of grain which it was intended to thresh. The fire in the engine was extinguished. During the succeeding night, while the property was standing there, the separator was destroyed by fire. The origin of the fire is unknown, but it is supposed to have been incendiary.

It is evident that the fire was not occasioned by any use of either the separator or the engine, and was not due to any risk incident to their actual use in the operation of threshing or otherwise. The most obvious and natural meaning of the words "in use," as applied to this property, is use in the business or work for which it was designed, to wit, threshing; and evidently the object of the limitation of the risk contained in the policy was to exclude any possible liability on part of the insurer for losses by fire so peculiarly liable to occur during the actual operation of steam threshing machines.

We do not think that the separator was "in use," within the terms of the policy, when the loss occurred. The most that can be claimed is, that the expression is ambiguous, and in such case the rule is well settled that such ambiguity must be construed against the insurer, and favorably to the insured. If the defendant desired to limit the risk to the property while "in store," or to exclude from the risk all losses during "the threshing season," it would have been very easy to have said so in plain and unmistakable language.

There was a provision in the policy that it should be void "if the hazard be increased by any means within the control or knowledge of the insured," and it is claimed that under this provision the policy was entirely avoided by reason of the use of the property for threshing in the month of September. There is no merit whatever in this point.

To say nothing of the fact that no such defense was pleaded, this provision is not to be construed so broadly as to include hazards incident to a reasonable use of the insured property, having regard to its nature and circumstances. The insurance, unless the terms of the policy forbid, must be presumed to be made with reference to the character of the property insured and to the owner's use of it in the ordinary way. While it is true that the risk only covered the property while not in use, yet the policy nowhere forbade its use, or provided that the policy should become entirely void if it was used.

Order affirmed.

(Opinion published 58 N. W. 819.)