## CHARLES KAMPEN v. FARMERS MUTUAL FIRE INSURANCE COMPANY.[1]

November 17, 1911.

Nos. 17,227—(57).

**Mutual fire insurance policy — "vacant" premises — temporary absence of occupant.**

A policy of fire insurance issued by a township mutual insurance company contained a provision that the policy should be void if the insured premises

[1] Reported in 133 N. W. 163.

[Note]   As to when is insured property vacant or unoccupied, see note in 2 L.R.A.(N.S.) 517.

should become and remain vacant for more than ten days. The insured and his family had been absent on a visit for more than ten days when the insured house was burned. *Held:*

1. That the evidence supports the finding of fact that the insured intended to return, had left in the house the wearing apparel of himself and family, his household goods, and furniture, and had left the premises in charge of a neighbor.

2. A mere temporary absence of the occupants of a dwelling house, with the intention to return, when the premises are left in their usual condition, does not make the house "vacant."

3. The conclusion of law that the policy was in force at the time of the fire is sustained by the findings of fact.

Action in the district court for Morrison county to recover $275 upon a fire insurance policy. The reply specifically denied the allegation of the answer that the house had been vacant more than ten days immediately preceding the fire. The case was tried before Taylor, J., who made findings and as conclusions of law found that the insurance policy in controversy was in full force and effect at the time of the loss and that plaintiff was entitled to recover the amount agreed upon as the amount of recovery, $237.50. From an order denying defendant's motion to vacate the decision and for a new trial, it appealed. Affirmed.

*C. Rosenmeier,* for appellant.

*John Moonan,* for respondent.

BUNN, J.

Defendant is a farmers mutual township fire insurance company organized under Laws 1875, p. 106, c. 83, and the various amendments thereto relating to township insurance companies. On December 22, 1908, it issued to plaintiff its policy of insurance, insuring his dwelling house and certain personal property therein. In May or June, 1910, the house and part of the personal property were destroyed by fire. This action was brought to recover on the policy. The defense was that the house was vacant at the time of the fire, and had been vacant for more than ten days immediately preceding, in violation of a condition in defendant's by-laws, set out in the policy, making void policies on dwelling houses vacant for

more than ten days, until again occupied. The case was tried by the court, and a decision for plaintiff rendered. Defendant appealed from an order denying a new trial.

The facts in relation to the vacancy are these: The insured house was the home of plaintiff, in which he resided with his family. In the latter part of May, 1910, plaintiff and family made a visit to his parents in a distant part of the state, intending to remain for an undetermined length of time, but to return to his home on the conclusion of the visit. He took with him such articles as he deemed that he and his family might require during their absence, but left his household goods and farming implements in the house, locked, and engaged a neighbor to look after it. The fire occurred more than ten days, but less than thirty days, after he had departed on the visit. During this time no person had been in the house. The conclusion of the trial court based upon these facts was that the insurance policy was in full force and effect at the time of the loss. It is not clear whether the basis of this conclusion was that the ten-day vacancy provision in the by-laws was invalid, or that there had not been a "vacancy" for ten days. Both questions were argued in this court.

The validity of the by-law in controversy depends upon an answer to the question whether town insurance companies, organized under chapter 83, p. 106, Laws 1875, and the various acts amendatory thereof, are obliged to use the standard form of policy, which contains the provision that the policy shall be void if the insured premises become vacant by the removal of the owner, and so remain vacant for more than thirty days. This question has no difficulty, except as to policies issued by town insurance companies between the date of the adoption of the Revised Laws of 1905 and the passage of chapter 411, p. 490, Laws 1909, as both prior to the revision and since the 1909 law the statute has expressly excepted town companies from the laws relating to the use of the standard form. It is not, therefore, important to decide this question, unless it is necessary to do so in order to decide this case.

The evidence clearly supports the findings of the trial court on the question of plaintiff's absence from his house, his engaging a

neighbor to look after it, and his intention to return at the conclusion of his visit. It appears that all of the clothing of plaintiff and his family, except such as they wore on their visit, was left in the house, as were all the household goods and furniture. A horse and cow were left with one neighbor to care for, and another neighbor was asked to look after the corn and potatoes that plaintiff had planted. Do these facts prove that the house was "vacant" during the absence of plaintiff and his family, within the meaning of that term as used in insurance contracts?

We hold that the house was not "vacant." A mere temporary absence of the occupants, with the intention to return, when the premises are left in their usual condition, does not amount to a "vacancy." 19 Cyc. 730; Cummins v. Agricultural, 67 N. Y. 260, 23 Am. Rep. 111; Herrman v. Merchants, 81 N. Y. 184, 37 Am. Rep. 488; Phœnix v. Tucker, 92 Ill. 64, 34 Am. Rep. 106; Central Montana Mines Co. v. Fireman's Fund Ins. Co., 92 Minn. 223, 99 N. W. 1120, 100 N. W. 3.

The conclusion of the trial court that the policy was in force is sustained, on the ground that the findings and the evidence show that the insured house was not vacant, and it becomes unnecessary to determine the other question involved.

Order affirmed.