Order affirmed.

---

## ED. TROST v. DELAWARE FARMERS MUTUAL FIRE INSURANCE COMPANY.[1]

June 15, 1917.

Nos. 20,329—(153).

Facts.

1. The plaintiff applied to the defendant, a township mutual fire in-

[1]Reported in 168 N. W. 290.

surance company, for insurance on certain farm property situate on certain described land and included in his application was a "threshing separator on or off premises." The application purported to be made in accordance with the constitution and by-laws. Its form was prescribed by the directors and a by-law attached to the policy provided that the application and the policy constituted an insurance contract. The defendant issued a policy upon the application in which the property was described as a "threshing separator." It promised indemnity in case of loss "as specified in the constitution and by-laws herein given." Attached was an abstract of the by-laws. A by-law, not included or mentioned in the abstract, provided that the company would insure steam threshers only while in store. The plaintiff had knowledge of the by-law. His separator was a steam thresher and was not in store but was off the premises and in operation when destroyed. The company had authority under the statute to insure the separator when in operation. The plaintiff paid the required premium and assumed the liability which attaches to a member in a mutual company.

**Fire insurance — policy construed strictly as against insurer.**

2. The policy should be construed strictly against the insurer and favorably to the insured; and so construed it covered the separator, though at the time of the loss it was not in store but was off the premises described in the complaint and was in operation threshing.

**Same — not ultra vires because of by-law — insurer estopped.**

3. The contract was authorized by the statute and was not, so far as the pleadings show, forbidden by the articles of incorporation, and was not *ultra vires* because of the by-law; and, in any event, a company which under the circumstances recited issues a policy and receives the premium will not be heard to say that the contract of insurance is beyond its corporate powers.

Action in the district court for Stevens county upon a fire insurance policy to recover $1,000 for loss of a threshing machine separator. From an order, Flaherty, J., sustaining plaintiff's demurrer to paragraphs 2 and 3 of defendant's answer, defendant appealed. Affirmed.

*Murphy & Anderson* and *James B. Ormond,* for appellant.

*Charles E. Houston* and *Wolfe & Schneller,* for respondent.

DIBELL, C.

Action on a policy of fire insurance issued by the defendant to the

plaintiff on a threshing machine separator. The plaintiff demurred to a portion of the defendant's answer alleging an affirmative defense. The demurrer was sustained and the defendant appeals.

1. The defendant is a township mutual fire insurance company. The complaint alleges the issuance of the insurance policy on June 28, 1915, and the loss of the insured property by fire in October following. The answer admits the issuance of the policy, and a loss by fire, but puts in issue its amount. It alleges as an affirmative defense that its constitution and by-laws, of which the plaintiff had knowledge, contained this provision: "This company will insure horse power threshing machines while in store or at work on the premises of the insured, and steam threshers only while in store." The plaintiff's separator came within the designation of a steam thresher. At the time of the loss it was not in store but was off the premises and was in operation threshing.

The defendant's by-laws provided that "the form of the application for insurance to be signed by the applicant shall be prescribed by the directors, and no other form of application shall be used, which application, together with this policy, shall be a contract of insurance," etc. Township mutual companies are not required to use the standard fire policy. See Kampen v. Farmers Mut. F. Ins. Co. 116 Minn. 68, 133 N. W. 163; G. S. 1913, § 3406; Laws 1915, p. 140, c. 107. The application purported to be made "according to the provisions of the charter and by-laws of said company" for insurance on farm buildings, implements, etc., situated on certain described lands and included in the property proposed for insurance was "a threshing separator on or off premises." The policy stated that the plaintiff had become a member of the company, according to the provisions of its constitution and by-laws, and had insured against loss or damage by fire or lightning certain described farm property situate on certain described lands, including a "threshing separator." It undertook to indemnify the plaintiff against "all such loss or damage by fire or lightning, from the date hereof, as specified in the constitution of said company and by-laws herein given." An application was afterwards made for an increase of the amount of insurance, and in the application the separator was described as in the original application and in the rider allowing it as in the policy. There was attached to the policy what was termed an

abstract of the constitution and of the by-laws. The by-law, above quoted, providing that the company would insure steam threshers only while in store, was not given. The only statement in the abstract of the by-laws relative to the use of steam was a statement to the effect that the company would insure against loss or damage caused by the use of steam power for farm purposes.

2. We have referred at length to all facts thought to be of aid in determining whether the plaintiff's separator, destroyed by fire when not in store and when it was off the premises and in operation, was covered by the policy. The defendant bases its defense upon the by-law.

The insurance contract should be construed strictly against the defendant and favorably to the plaintiff to sustain insurance which he reasonably supposed he was getting. See 2 Dunnell, Minn. Dig. § 4659, and cases cited.

The statement in the application and policy that the separator, along with other property insured, was situate on certain described land, was for the purpose of identification. It was not a promissory stipulation or a condition that it would remain there. Everett v. Continental Ins. Co. 21 Minn. 75; Holbrook v. St. Paul F. & M. Ins. Co. 25 Minn. 229; De Graff v. Queen Ins. Co. 38 Minn. 501, 38 N. W. 696, 8 Am. St. 685; Soli v. Farmers Mut. Ins. Co. 51 Minn. 24, 52 N. W. 979; Minneapolis T. M. Co. v. Firemen's Ins. Co. 57 Minn. 35, 58 N. W. 819, 23 L. R. A. 576, 47 Am. St. 572. Its removal did not avoid the policy.

The important question is whether the by-law which we have quoted, in effect providing that the company would not insure a steam thresher except when in store, was operative to restrict the insurance. A member of a mutual company is charged with notice of the by-laws. Morris v. Farmers Mut. F. Ins. Co. 63 Minn. 420, 65 N. W. 655. It is alleged that the plaintiff knew of the by-law. Our present inquiry is concerned with the intention of the parties and not with the power of the company to insure. It is not in doubt that the plaintiff supposed the insurance would be effective on the separator when it was off the premises and in operation. His reference to it in his application for a policy and in his application for increased insurance as "on or off

premises" is conclusive of it. The defendant should be held to have intended a like result. The application called for such insurance. It was referred to in the policy. The by-laws make the application and the policy an insurance contract. The reference to the by-laws in the policy was to the "by-laws herein given," and those given did not include the one wherein the company stated that it would not insure a steam thresher except when in store. Perhaps the language used involved some ambiguity or uncertainty. If so it must be construed against the insurer and in favor of the insured. The defendant, if its purpose was to limit the risk, could very easily have stated in the policy that the separator was not covered except when in store. See Minneapolis T. M. Co. v. Fireman's Ins. Co. 57 Minn. 35, 58 N. W. 819, 23 L. R. A. 576, 47 Am. St. 572. The defendant not having done so, and having accepted the plaintiff's application proposing the machine for insurance on or off the premises, and having referred to the by-laws affecting the insurance as those "herein given" and they not limiting the insurance to a thresher in store, the plaintiff was justified in assuming that his property was covered though off his premises and in use, and the defendant should not now assert that such was not the contract.

3. It is urged by the defendant that it was not authorized to insure a steam thresher except when in store, and if the policy is construed to effect such result it was *ultra vires*. This claim is based upon the by-law quoted. The statute designates the property which township mutual companies may insure and limits them to such property. It expressly provides that they may insure threshing machines and makes no limitation as to location. Laws 1915, p. 140, c. 107. The certificate of incorporation of the defendant is not shown. In the usual sense the policy was not *ultra vires*. The by-laws are made by the directors. The by-law in question was a declaration that the company would not take insurance on steam threshers except when in store. It had corporate power under the statute to insure them anywhere and so far as we know the articles of incorporation made no limitation. Notwithstanding the by-law it gave such insurance. It issued the policy and took the plaintiff's money and should not now be heard to say that its policy was not effective. Davis v. National Casualty Co. 115 Minn. 125, 131 N. W. 1013; Gruber v. Grand Lodge A. O. U. W. 79 Minn. 59, 81 N. W. 743;

Langworthy v. C. C. Washburn F. M. Co. 77 Minn. 256, 79 N. W. 974; Seymour v. Chicago G. F. L. Soc. 54 Minn. 147, 55 N. W. 907.

Policies of insurance issued under circumstances such as attended this one should be given effect. Courts are not disposed to search for ways to avoid them. A fair construction of the contract and sound legal policy unite in requiring the defendant to respond for the loss.

Order affirmed.