NOAH D. CORNISH, Respondent, v. THE FARM BUILDINGS FIRE INSURANCE COMPANY, Appellant.

In an action upon a policy of fire insurance providing against any increase of risk, the testimony of experts is competent upon the question as to the materiality of circumstances affecting the risk, especially where its determination calls for a degree of knowledge not likely to be possessed by an ordinary jury; but expert testimony, although uncontradicted, is not conclusive, save in cases where none but experts are capable of determining the questions.

Where special circumstances are proved, calling upon the jury to determine whether the general principles governing similar cases, as testified to by experts, are applicable, in the case before them, it is proper to submit the question to the jury.

A policy of insurance upon a dwelling-house contained a condition to the effect that any increase of hazard or material change, without consent, should avoid the policy. At the time it was issued the dwelling was occupied by a tenant; it thereafter became vacant, and remained unoccupied about two months, when it was burned. On the trial of an action upon the policy, three persons engaged in the business of insurance, called as witnesses by defendant, testified that unoccupied buildings were more exposed to the hazard of fire than if occupied, and they were classed as more hazardous, as they had not the care which occupied buildings had, and were more exposed to be burned by tramps and children. No testimony directly contradictory was introduced by plaintiff, but he gave evidence showing the location and condition of the premises, and the character of the neighborhood. *Held*, that the question as to whether there had been a breach of the condition was properly submitted to the jury; that the question as to increase of risk was one of fact, as to which the testimony of experts was competent, but not controlling.

(Argued May 23, 1878; decided September 17, 1878.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 10 Hun, 466.)

The action was upon a policy of fire insurance.

The facts appear sufficiently in the opinion.

*Sam'l Earl,* for appellant. The fact proved that the vacancy increased the risk not being contradicted, could not be disregarded by the jury. (*Robinson* v. *McManus,* 4 Lon., 380; *Elwood* v. *Tel. Co.,* 45 N. Y., 549; *Loower* v. *Meeker,* 25 id., 361; *Seibert* v. *Erie R. Co.,* 49 Barb., 583; *Leitch* v. *At. Mut. Ins. Co.,* 66 N. Y., 100–108; 1 Pet., 170; 3 Kent's Com., 284; *Appleby* v. *Astor Ins. Co.,* 54 N. Y., 253, 258–260; 17 Barb., 111.) Upon proving that the premises were vacated after the insurance, the plaintiff should have been nonsuited. (*Hobby* v. *Dana,* 17 Barb., 111; *Ashworth* v. *Builders' Mut. F. Ins. Co.,* 112 Mass., 422; 3 Ins. L. J., 489; *Keith* v. *Quincy Mut. F. Ins. Co.,* 10 Al., 228; Flanders on Ins., 270; *Grant* v. *How. Ins. Co.,* 5 Hill, 10.)

*H. C. Kingsbury,* for respondent. The question whether the risk was increased by the vacancy of the building was one of fact. (*Grant* v. *How. Ins. Co.,* 5 Hill, 10; *Williams* v. *People's F. Ins. Co.,* 57 N. Y., 274; *Cummins* v. *Ag. Ins. Co.,* 67 id., 560; *Hamaz* v. *Hob. L. and I. Co.,* 50 id., 53; *Justin* v. *Lacy,* 52 id., 323.)

RAPALLO, J. The defense relied upon on the trial of this action was that at the time the insurance was effected, viz., in January, 1873, the insured property, consisting of a dwelling-house and barn, were occupied by a tenant, but that afterwards, in May, 1874, the tenant moved away and the premises remained unoccupied until the time of the fire, which occurred July 4, 1874. The policy contained no provision in relation to the occupation of the premises, but provided that any increase of hazard, or material change without consent

should avoid the insurance. The defendant claimed that leaving the premises unoccupied constituted an increase of hazard and material change, which avoided the policy. Three persons engaged in the business of insurance were called as witnesses on the part of the defense and testified that unoccupied buildings were more exposed to the hazard of fire than if occupied, and that it was worth more to insure them, and they were classed as more hazardous. The reasons for so considering them were stated by the witnesses, and were, mainly, that they had not the care which occupied buildings would receive and were more liable to be burned by tramps and children. These witnesses did not testify in respect to the particular buildings in question in this action, but as to the danger to buildings and dwellings in general, arising from their being left vacant. No evidence was introduced on the part of the plaintiff contradicting directly the testimony of the defendant's witnesses, but the plaintiff did give evidence showing the location and condition of the property and the character of the neighborhood. The judge submitted to the jury the question whether there had been a material change or increase of hazard. To this the defendant's counsel excepted, and asked the court to decide that the uncontradicted testimony showed that the risk had been increased by the premises becoming vacant, and also to charge the jury that on the undisputed testimony it was their duty to so find as matter of fact.

There can be no doubt that the judge was right in treating the question of increase of risk as one of fact. (*N. Y. Firemen's Ins. Co.* v. *Walden,* 12 Johns., 573; *Grant* v. *Howard Ins. Co.,* 5 Hill, 10; *Williams* v. *People's Fire Ins. Co.,* 57 N. Y., 274; *Gates* v. *Madison Co. Mut. Ins. Co.,* 2 Comst., 43.) The authorities are not so harmonious as to whether it is a question to be determined by the testimony of experts, though the weight of authority is in favor of the admission of such testimony to guide the jury as to the materiality of circumstances affecting the risk, especially when the determination of the question calls for a degree of knowledge not

likely to be possessed by an ordinary jury. (*Leitch* v. *Atlantic Mut. Ins. Co.*, 66 N. Y., 100, 108; *M'Lanahan* v. *Universal Ins. Co.*, 1 Peters [U. S.], 188; *Jefferson Ins. Co.* v. *Cotheal*, 7 Wend., 72.) In the case last cited it was held that the testimony of experts was not receivable, but the decision went upon the ground that the circumstances were such that the jury were as competent as any expert to determine whether there was any increase of risk in that case, and that it was so obvious that there was no increase of risk, that they would have been justified in finding against the testimony of any number of experts. It must depend somewhat upon the facts of each case, whether the testimony of experts is necessary, and whether it should be controlling. The jury, in some cases at least, should be at liberty to exercise their own judgment upon all the facts, and upon the applicability of the reasons given by the experts to the case in hand. The counsel for the defendant contends in the present case that as all the experts agreed that leaving premises vacant increased the risk, and no witness was called who gave a different opinion, there was nothing for the jury to determine, and the court should have directed a verdict, and he relies upon a sentence in the opinion of ALLEN, J., in *Leitch* v. *At. Mut. Ins. Co.* (66 N. Y., 108), in which that learned judge says, that when the evidence of experts is necessary, for the reason that the materiality of a circumstance as affecting the risk is not sufficiently obvious to enable the court (or jury) to decide upon the fact without aid, the testimony of the experts is to be treated as testimony of credible witnesses upon any other fact, and if there is no conflict, the fact of materiality or immateriality must be held as all the witnesses testify. This remark is made with respect to cases where none but experts are capable of determining the question; but is not applicable where a state of facts is presented upon which the jury after receiving all the light which can be obtained from experts in regard to the general principles governing similar cases, are still called upon to decide whether in the case before them the theories

of the experts are not rendered inapplicable by special circumstances proved. Here, although it must be conceded that the uncontroverted evidence establishes that as a general rule unoccupied buildings are exposed to greater risk of fire than when occupied, yet the jury had before them the evidence of the character of the neighborhood the season of the year, and the brief period during which the premises remained vacant, and although the question is not free from difficulty, we are inclined to hold that it was within the province of the jury to determine whether there was in this case an increase of risk within the intent of the policy, especially in view of the circumstance that the policy did not contain the condition, which is quite usual in fire policies, that leaving the premises vacant should avoid the insurance.

The judgment should be affirmed.

All concur, except MILLER and EARL, JJ., absent.

Judgment affirmed.