JAMES W. EAGER, Respondent, v. THE FIREMAN'S FUND INSURANCE COMPANY, Appellant.

*Insurance — increase of hazard within the knowledge of the insured — "ordinary mercantile risk" — not conclusive as to contemplated use — evidence to sustain the finding of the referee.*

In an action brought on a policy of insurance, which contained a provision that the same should be void if the hazard was increased by any means within the control or knowledge of the insured, a defense was interposed that such hazard had been increased by the insurer's leasing a part of the insured building to a shoe factory, another part to a paper-box factory, and a third part to a manufactory of electrical instruments, which leasing was done subsequent to the issuing of the policy and without the consent of the insurance company.

The only contest on the trial was as to whether such leases increased the hazard. It there appeared that the policy insured a four-story brick building, and contained no allusion to the kind of business that was to be carried on within it. At the time the contract of insurance was made the building was used for several different purposes, and it was manifest that the rest of it would thereafter be occupied by other employments, the building having been constructed for such purpose, and the defendant's agent was so informed when he issued the policy. The premium charged for the insurance was for "an ordinary mercantile risk."

At the time of the issuing of the policy the plaintiff used the first floor and basement of the building for a wholesale hardware business. The second floor was used in part for the manufacture of a kind of wood filler, and the balance of that floor was used to store furniture. The upper stories were vacant. The referee found that the hazard existing when the policy was issued was not in any manner increased.

*Held*, that there was no such preponderance of evidence against the conclusion of the referee as would warrant a reversal of the judgment;

That under the circumstances the provision as to the increased hazard should be interpreted to mean that if the hazard should be increased by the use of the building, or otherwise, beyond that existing or contemplated by both parties when the contract was made, the policy should become void;

That in the absence of any evidence showing that the plaintiff when he made the contract knew anything about an "ordinary mercantile risk," it could not be assumed that he contracted with reference to a particular use of the building included within that term.

APPEALS by the defendant, the Fireman's Fund Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 21st day of February, 1893, confirming the report of a referee, and awarding to the plaintiff $5,429.12 damages and for costs, and from a second judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Onondaga on the 21st day of February, 1893, confirming the report of a referee and awarding to the plaintiff $108.75 damages and for costs.

*I. N. Ames*, for the appellant.

*Goodelle & Nottingham*, for the respondent.

PARKER, J.:

This action is brought upon a policy of insurance issued by the defendant upon a brick building owned by the plaintiff in the city of Syracuse. It contained the following provision :

"This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void, if the hazard be increased by any means within the control or knowledge of the insured."

The defense set up is that such hazard was increased by the act of the insured himself, that is, by leasing a part of the building to a shoe factory, another part thereof to a paper-box factory, and still another part to a manufactory of electrical implements, all of which was done subsequently to the·issuing of the policy and without the consent of the company. Upon the trial there was no dispute over the fact that such subsequent leases had been made, but the contest was over the question whether they increased the hazard.

The referee found that the hazard existing when said policy was issued, delivered and assumed thereby was not in any manner increased. Upon his report in favor of the plaintiff, judgment was entered against the defendant for the full amount of the plaintiff's claim. From such judgment, the defendant has brought this appeal.

The main contention on the part of the appellant is, that the evidence does not sustain the above-mentioned finding of the referee, and we are asked to review such finding of fact, and reverse the judgment on that ground.

The policy insures a four-story brick building, describing it, and contains no allusion whatever to the kind of business that was to be carried on within it. The provision, therefore, that the policy shall become void if the hazard be increased, etc., is not entirely a clear one. If it is to be construed entirely from the provisions that are ·found within itself, the contract could only mean that if any change is made in the thing insured, that is, any alteration of the building which would increase the hazard, the policy should be void. But neither party claims such to be the construction, and it is hardly reasonable to suppose that such was the intent of the parties to it. We have to look, therefore, outside of the terms of the instrument to determine the meaning of that provision.

At the time the contract was made, part of the building insured was being used for several different purposes, and it was manifest that the rest of it would also be thereafter occupied by other employments. The building was built for the purpose of being rented for different employments. That appeared from an inspection of the

building, and also the defendant's agent who made the contract was so informed when he issued the policy.

Under such circumstances, the provision in question may fairly be interpreted to mean that if the hazard is increased by use of the building, or otherwise, beyond that existing or contemplated by both parties when the contract is made, the policy should become void. (*Whitney* v. *Black River Insurance Co.*, 72 N. Y. 118, 122.)

· The defendant claims that the premium charged was for what is known as ordinary mercantile risk, and that such fact is conclusive as to what the parties intended. But there is no evidence showing that the plaintiff, when he made the contract, knew anything about such a risk, and, therefore, it cannot be assumed that he contracted with reference to a particular use of the building, included within that term.

At the time of the contract, the plaintiff was using the first floor and the basement for a wholesale hardware business. A portion of the second story was used for the manufacture of protine, a name given to a kind of wood filler made from wood alcohol and other ingredients. The rest of that floor was used to store furniture. The upper stories were vacant. Assuming the contract to have been as above stated, it is evident that the question before the referee was, whether the employments that subsequently came into the building, rendered the risk more hazardous than its use for the purposes above stated.

On the trial the evidence of most of the defendant's witnesses was directed to a different question. They were inquired of whether the addition of a shoe factory and a box factory in the building would render it more hazardous than would its use as a hardware store, and they were unanimous that it would. But upon the question whether such an addition would render it more hazardous than its use at the time the policy was issued, most of them gave no evidence at all. Hence, the great weight of the defendant's expert evidence was not given upon the real question to be decided.

The question whether the hazard was really increased, was a clear question of fact, to be determined by the referee. (Wood on Fire Insurance, § 248; *Cornish* v. *Farm Buildings Fire Insurance Co.*, 74 N. Y. 295.) We cannot say that there was such a preponderance of evidence against his conclusion as will warrant our reversing

it. (*Baird* v. *Mayor, etc., of City of N. Y.*, 96 N. Y. 567; *Lowery* v. *Erskine*, 113 id. 52.)

We have examined the exceptions taken by the defendant, and do not discover any error in the rulings that has worked to its prejudice, or require that a new trial should be granted.

The judgment should be affirmed, with costs.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment affirmed, with costs.