## H. H. MORRIS v. FARMERS MUTUAL FIRE INSURANCE COMPANY OF HARMONY.[1]

January 14, 1896.

Nos. 9720—(196).

**Mutual Fire Insurance—Amendment of By-Laws—Notice.**

Where the by-laws of a mutual fire insurance company provide for the manner in which members shall be notified of amendments or additions to such by-laws, and that when such notice is so given it shall become a part of the member's policy, a member who has not been notified in the manner prescribed, and who has no knowledge of the amendment or addition, is not bound by it.

**Same.**

*Held* that, upon the evidence in this case, it was for the jury to determine whether the plaintiff had been notified of an amendment to a by-law adopted at the annual meeting of defendant company in the year 1892.

**Negligence of Insured—Burden of Proof.**

*Held,* that under a by-law of defendant company, as amended in 1891, the burden of proof on the trial was on it to show that plaintiff did not exercise due caution while using the steam threshing machine which set the fire in question.

**Expert Testimony.**

It is a matter of common knowledge that the use of steam power, when threshing grain, is more or less hazardous and dangerous, and that, with a

------

[1] Reported in 65 N. W. 655.

wind prevailing in the direction of the stacks, the hazard and danger greatly increase. The opinions of experts upon a subject so commonly understood are not admissible.

**Rulings Considered.**

Other alleged errors considered and disposed of.

Appeal by defendant from an order of the district court for Fillmore county, Whytock, J., denying a motion for a new trial. Affirmed.

*Wells & Hopp*, for appellant.

*Gray & Thompson* and *G. W. Rockwell*, for respondent.

COLLINS, J. The defendant was a mutual insurance company, organized under the provisions of G. S. 1894, § 3231 et seq. A policy in the company having been issued to plaintiff, he became a member, and was obliged to take notice of, and was bound by, its articles of association and its by-laws, including changes or amendments duly made and regularly adopted. And these changes or amendments affected the company and its liability as well. When plaintiff's policy was issued it did not—according to section 11 of the by-laws—cover a loss by fire originating from a steam threshing machine, but at the annual 1891 meeting the by-law was amended so as to read thus: "All loss of property insured in the Harmony Mutual Insurance Company, caused by steam threshing machines, shall be paid: provided, however, that due caution shall be exercised to prevent fire from their use."

It is conceded that the plaintiff was entitled to the benefit of this amendment so long as it remained in force as to him, and that it was a part of his policy, unless superseded by an amendment duly adopted at the annual meeting held in 1892, prior to the fire in question, which reads as follows: "All insurance shall stand suspended when engines are used for threshing that are known to be defective, or the engineer is proverbially careless, or when a strong wind is blowing directly or obliquely from engine to barn or stack, or when less than forty feet intervenes between engine and building or stack, or when a supply of water, pails, and ladder are not kept at the stacks being threshed, or when all due care and caution are not observed by the member and policy holder: provided, however, that if a member shall be able to show,

to the satisfaction of the company, that a loss did not occur through his failure to observe any of the precautions above mentioned, or his using all due care and caution, then such failure shall not cause a forfeiture of his insurance; but in no other case will the company be liable for a loss when such precautions and care are not observed and taken." At the same meeting, section 19 of the by-laws, which prescribed when and how amendments or additions to them might lawfully be made, was amended by adding the following: "And when so revised, or others added, it shall be the duty of the secretary to notify each member of the company, by letter sent to his usual post-office address, of the changes made, and such notice shall become a part of the member's policy."

The plaintiff was not present at the 1892 meeting, and testified upon the trial that he was not informed of the amendment to section 11, and had no knowledge of it until after his property was destroyed. By adopting the amendment to section 19, the defendant company obligated and bound itself to notify each member of changes in the by-laws by letter sent to the usual post-office address of each; and, in express terms, it was provided that when such notice was given it became a part of the member's policy. It was made the duty of defendant's secretary to mail these notices, and when the duty was performed the additions or amendments specified in them entered into the contracts evidenced by the policies; and the policy holders' rights, as well as the company's liabilities, were regulated and governed thereby. Each member to whom the notice was mailed was affected by its contents. The consequences to flow from a change in the by-laws are necessarily important, and while a by-law which provides for additions or amendments at any regular meeting, by vote of two-thirds of the members present, without further action, may be a reasonable one, it is obvious that, where there is a provision for notification before policy holders are bound by changes, notice in the manner prescribed is imperatively required. So that until notice was mailed to the plaintiff the amendment in 1892 of section 11 did not, as to him, supersede the amendment made in 1891, nor did the by-law, as amended, become a part of his policy.

It was claimed on the argument that from the evidence it conclusively appeared that plaintiff had been duly notified by letter

of the 1892 amendment. He testified positively that he had not received such notice. Upon reading all of the secretary's testimony, we conclude that whether he mailed a copy of the notice prepared by him three or four months after the annual meeting in 1892 to plaintiff was an open question, for the jury to pass upon. All of his testimony respecting notice mailed to plaintiff was to be considered in connection with the statement that he had mailed the notice, "to the best of my belief," to each member, excepting five, whom he named.

Two of the owners of the threshing machine (Targerson and Olson) were questioned as to the direction and velocity of the wind at the time of the fire, and were then asked to give expert opinions as to whether it was dangerous to thresh with steam, on account of such wind. Counsel for plaintiff objected to expert evidence upon this matter, and the objections were sustained. Everybody knows that, because of the fire indispensable in the generation of steam, the use of steam power is always more or less hazardous, and that it is especially so when used as the power for operating threshing machines, stationed, as they must be, in close proximity to grain stacks, and that, with any wind prevailing in the direction of the stacks, the hazard and danger greatly increase, so that a point may be reached where it is absolutely impossible to run the steam engine without setting fire. It is to be presumed that the jury possessed this common knowledge, and the testimony offered as expert opinions was inadmissible. Another witness (Berning) was questioned about the hazards of threshing with steam power with the wind blowing as it was on this occasion, and whether people usually threshed under such natural conditions. But, had answers to these questions been admissible, ordinarily, it was not shown that Berning was qualified to give an opinion, and he expressly disclaimed expert knowledge on the subject of operating steam threshers.

It was alleged in the complaint that the amendment in 1891 was as follows: "All loss of property insured in the Harmony Mutual Insurance Company, caused by steam threshing machines, shall be paid"; and this was squarely admitted by the answer, no claim being made that there was a provision attached as to the exercise of due caution. At the trial the court, by a ruling on

the admission in evidence of the entire by-law, over plaintiff's objection, brought into the case an issue as to plaintiff's observance of due caution, and on this issue charged the jury that the burden of proof was on defendant to show that such caution had not been exercised. One of the two exceptions to the charge taken by defendant's counsel goes to this part of it. If plaintiff's right to recover was governed by the by-law as amended in 1891, the burden of proof was, on defendant company to establish that he had failed to exercise due caution. Want or lack of due caution was an affirmative defense, which should have been pleaded, as well as proved, by the company.

The defendant's counsel presented eight requests to charge, all of which were rejected by the court. All seem to have been drawn, as was the answer to the complaint, upon the theory that plaintiff was duly notified of the amendment adopted in 1892, and was bound by its terms. In part, these requests were covered by the general charge, and such portions as were not were properly refused. Evidently, the charge was based upon the view—which was correct—that, until there was mailed to plaintiff notice of the last amendment, it was not incorporated into his policy, and that whether notice had been mailed to him was for the jury to determine from the evidence; that, if not mailed, plaintiff's right to recover was controlled by the first amendment, and, if mailed, the policy conditions were changed and regulated by the second amendment, and, if plaintiff could recover at all, it would be solely because he had substantially complied with the requirements prescribed in such amendment.

There was evidence which would justify a verdict for plaintiff on either branch of the case, as it was submitted, and the order appealed from is affirmed.