4. I think the motion is made too late, and that the defendants have waived the objection by answering the complaint and taking part in all the proceedings which have been had, including the trial before a referee upon the merits. I have reached the above conclusions after a careful consideration of the case; but, from the nature of the motion, the preparation of a lengthy opinion, containing a full discussion and consideration of the various questions involved, would necessarily delay my decision, and I have thought that the parties to the action and their counsel would prefer an early decision, rather than the delay which would be caused by the preparation of such an opinion. The motion will be denied, with $10 costs, and the order will be settled on notice.

Motion denied, with $10 costs.

---

CARROLL v. HOME INS. CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

1. APPEAL—OBJECTIONS—RAISING ON APPEAL.

Where on trial no objection was made to the submission of a question to the jury, or exception taken to the court's charge relative thereto, the point could not be available on appeal.

2. INSURANCE—INCREASE OF HAZARD—SALOON—EVIDENCE.

When a fire policy on a building used as a dwelling house provided the policy should be void if the premises were used for any other purpose increasing the hazard, and in an action on the policy defendant claimed it void by reason of the premises having been used as a saloon, it was proper to exclude evidence of an insurance agent that the hazard was increased by use of premises as a saloon, and the rate of insurance on a building containing a saloon, the evidence not being in answer to hypothetical questions involving the material facts in the case, and it not being shown that the witness had knowledge of the premises under consideration.

Appeal from trial term.

Action by John M. Carroll, executor, etc., of the estate of David S. Carroll, deceased, against the Home Insurance Company of the City of New York. From a judgment in favor of plaintiff and an order denying a new trial, defendant appeals. Affirmed.

The defendant issued a policy of insurance against loss by fire upon a "two-story frame building, and additions thereto, occupied as a dwelling"; and the policy contained this provision: That the policy should be void if thereafter "the hazard be increased by any means within the control or knowledge of the insured." The premises, at time of insurance, were occupied by tenants as a dwelling house, and were in charge of an agent of the mortgagee, to whom the policy provided payment, in case of loss, should be made. A short time after the issuance of the policy the agent leased the premises to another tenant, by a written lease, without limitations as to the manner of occupation; and the tenant occupied a portion of the building for a short space of time as a beer saloon, and for a short space of time as a boarding house, though during the whole time the principal portion of the building was occupied by the tenant as a dwelling house. No fire occurred while any portion of the building was occupied as a saloon or boarding house. Some months after the occupation for saloon and boarding-house purposes ceased, and while the entire premises were used as a dwelling house, as at the date of the policy of insurance, the fire occurred. Proof of loss was made in the first instance by the mortgagee in possession. The company demanded that proof should be made by

the insured, Mary Morrison, and, at some expense to the plaintiff, this was also procured.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Richards & Heald (Geo. Richards, of counsel), for appellant.

Fred Linus Carroll, for respondent.

KELLOGG, J. Two questions seem to be presented on this appeal. The appellant claims that the learned trial justice erred in submitting to the jury, upon the proof made, the question of waiver by defendant of the provision as to forfeiture of the policy upon increase of hazard. There does not seem to be any proof in the case which, in any view, would justify a finding by the jury of any waiver, but no objection was made upon the trial to the submission of that as a question, nor is there in the case any exceptions to the charge to the jury on that subject. This point should have been taken in the trial court to be available on appeal.

The other question relates to the exclusion of evidence of experts on the subject of increase of hazard, and this presents matter of more difficult solution. The defendant produced a witness, Hayes, who was a fire insurance agent of 16 years' experience. He was asked the rate of insurance upon dwellings during the life of this policy in the vicinity of the premises insured, and also was asked the rate of insurance upon a "building which contains a saloon." He was also asked if the hazard would be increased by use of premises as a saloon which had been insured as a dwelling. He was also asked what would be the rate of insurance if these premises were used as a dwelling. He was asked if the use of a building, situated as this was, as a saloon would increase the hazard above its use as a dwelling house. He was asked if the hazard in connection with the insuring of a saloon was greater than that in connection with the insuring of a dwelling house. All these questions were objected to, and the answers thereto excluded, and defendant excepted to the rulings. These questions were all very general in their nature, and the information to be derived from the answers was of a very general character on the subject of fire insurance. The witness was not shown to have any personal knowledge of the premises in question. It was not stated to him just in what way the buildings in fact had been occupied. He obviously was not possessed of the necessary data to form an opinion as to whether the hazard by occupation had been increased or otherwise. He was asked no hypothetical question which embraced all or any of the material facts touching the actual occupation or change in occupation of these premises. If this case is one in which an expert in insurance matters knows or can know more than the ordinary man of intelligence, as to the hazard or danger from fire being increased or diminished by the manner of occupation, then the opinion of the expert is or may be helpful to the ordinary mind, and is admissible, though not controlling. Insurance Co. v. Cotheal, 7 Wend. 72; Hobby v. Dana, 17 Barb. 111.; Cornish v. Insurance Co., 74 N. Y. 295; Van Wycklen v. City of Brooklyn, 118 N. Y. 429, 24 N. E. 179; Frace

v. Railroad Co., 143 N. Y. 188, 38 N. E. 102. The expert, however, should be confined to the subject-matter in hand, and his opinion should relate to the subject-matter. It is quite easy to understand that a dwelling house might be occupied as such and in a manner to make the hazard from fire far greater than the same building if occupied in part as a beer saloon. There may be a general rule which governs insurance companies in placing policies by rating based generally on the character of occupation, but such rating ought not to be taken as a guide in a particular case where the precise question is to be decided whether the hazard in the particular case was or was not increased. This is the test,—actual increase of damage from fire. The test is not the rating established by insurance companies. If it were so, it would be so expressed in the policy.

I am inclined to the opinion that the ordinary juryman, in such a test as this case presents, is quite as capable of forming a correct judgment from the facts as was the insurance agent offered as an expert. There does not appear to be here any question of science or skill. It is the simple question of fact upon which one intelligent mind is as good as another, and may form as good a judgment in a given case. The fact that the building did not burn when partly occupied as a beer saloon or boarding house, and did burn when occupied as a dwelling only, would seem in this case to refute the contention that its use as a dwelling was the lesser risk. I think the exclusion of answers to the questions asked was not error, and that the judgment should be affirmed, with costs. All concur.