Dinah J. QUINLIVAN, personally and as Trustee for the heirs of Daniel R. Quinlivan, Respondent,

v.

EMCASCO INSURANCE COMPANY, etc., Appellant.

No. C9–87–1283.

Court of Appeals of Minnesota.

Oct. 27, 1987.

Review Denied Jan. 15, 1988.

Chester D. Swenson, Gunderson & Swenson, Albert Lea, for respondent.

Peter C. Sandberg, Peggy Sue Juergens, Dunlap, Keith, Finseth, Berndt & Sandberg, Rochester, for appellant.

Heard, considered and decided by POPOVICH, C.J., and RANDALL and STONE,* JJ.

## OPINION

RANDALL, Judge.

This appeal is from a summary judgment. The matter was submitted to the trial court on a record of stipulated facts and upon cross-motions for summary judgment. The trial court entered judgment in favor of respondent. Appellant claims the trial court erred because there were material issues of disputed fact, and the primary insurer had no authority to negotiate a settlement with the claimant on behalf of the secondary insurer. We affirm.

## FACTS

Daniel Quinlivan was killed in a car accident on October 18, 1984. The accident involved an uninsured motorist. The car driven by decedent was owned by his employer and insured with Insurance Company of North America (CIGNA). Dinah Quinlivan, respondent, and her deceased husband, were insured by appellant, Employees Mutual Insurance Company (EMCASCO). CIGNA's automobile policy was primary, with uninsured motorist limits of $500,000. Appellant was the secondary insurer with coverage over and above the primary automobile limits. Appellant provided uninsured motorist limits of $300,000.

It is customary in the insurance industry for the primary carrier to conduct negotiations with the claimant on behalf of both primary and secondary carriers. Bob Brinkworth is the claims supervisor for appellant. Gary Knoll is the unit manager

---

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. 6, § 2.

for CIGNA. Gary Knoll is also the supervisor for Garry Anderson, a field adjuster for CIGNA.

On April 27, 1985, respondent's attorney submitted to the involved insurance carriers a settlement brochure and demand letter which requested the sum of $1,315,000 to settle the insurance claims. Appellant never conducted negotiations with respondent's attorney. Appellant never notified respondent's attorney that Garry Anderson's power was more limited than normally held by an agent in this kind of setting.

In late May, appellant knew that Garry Anderson would be making an offer to respondent involving $100,000 of appellant's money. Bob Brinkworth indicated his company had additional monies to make a settlement. It was not clear whether appellant would in fact contribute to the settlement.

At no time did Bob Brinkworth, on behalf of appellant, notify respondent's attorney that Garry Anderson had no authority to offer a settlement which included money from appellant. Garry Anderson, consistent with the normal kind of authority held by an adjuster, made an offer of compromise that included money from appellant.

On May 31, 1985, an offer of settlement was made to respondent's attorney, and on June 4, 1985, it was accepted. A memorandum was sent to Bob Brinkworth from Garry Anderson on or about June 6, 1985, outlining the settlement. Until that time Brinkworth stated he did not know any settlement proposals, including a contribution from appellant, had been made. Upon receipt of the memorandum, Brinkworth called both Chester Swenson, respondent's attorney, and Garry Anderson to inform them the proposed settlement was unacceptable and appellant would not contribute $100,000.

The trial court issued its findings of fact, conclusions of law and order for judgment on June 1, 1987, concluding the offer of $100,000 was duly made and accepted. The court found that appellant, either knowingly or through the lack of ordinary care, permitted Garry Anderson to hold himself out as its agent. Furthermore, in negotiating a compromise settlement of respondent's insurance claims, the court held Garry Anderson was exercising authority in accordance with the general custom, procedure and usage of the insurance industry. The court also held there were no genuine issues of material fact because the parties stipulated to the facts for the purpose of their cross motions for summary judgment.

## ISSUES

1. Did the trial court err by concluding there were no genuine issues of material fact upon cross-motions for summary judgment?

2. Did the trial court err by concluding that custom and usage in the insurance industry allows the primary insurance carrier to negotiate a settlement on behalf of the secondary insurer?

## ANALYSIS

### I.

*Summary judgment*

When reviewing a summary judgment, this court must determine "(1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law." *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). In reviewing an appeal from a grant of summary judgment, we view the evidence in the light most favorable to the party against whom the motion was granted. *Grondahl v. Bulluck,* 318 N.W.2d 240, 242 (Minn.1982); *Miller v. Anderson,* 394 N.W.2d 279, 282 (Minn.Ct. App.1986).

Appellant argues the trial court incorrectly granted summary judgment because there was no evidence of past dealings between appellant and the agent for CIGNA. Therefore, appellant argues there was no course of dealing established under the present facts.

Appellant premises its argument upon respondent's lack of actual or apparent authority to establish a course of dealing. *See Hagedorn v. Aid Association for Lu-*

*therans,* 297 Minn. 253, 257–58, 211 N.W. 2d 154, 157–58 (1973); *Hockmeyer v. Pooler,* 268 Minn. 551, 562, 130 N.W.2d 367, 375 (1964) (apparent authority will be found where the principal holds the agent out as possessing authority or knowingly permits an agent to assume authority, and the party dealing with the agent has actual knowledge the agent was held out as having such authority by the principal); *Nehring v. Bast,* 258 Minn. 193, 199–200, 103 N.W.2d 368, 374 (1960) (actual authority is that authority which the principal directly grants to the agent; apparent authority is authority which the principal holds the agent out as possessing or knowingly permits an agent to assume.)

■ Appellant agrees the existence of an agency relationship may be proven by evidence of a course of dealing. *See Vacura v. Haar's Equipment, Inc.,* 364 N.W.2d 387, 391 (Minn.1985) (existence of agency relationship is a question of fact). However, appellant argues there must be evidence of a course of conduct on prior occasions. All authority must be traced to the principal, but it may be found in his adoption of, or acquiescence in, similar acts done on other occasions by the assumed agent. *Schlick v. Berg,* 205 Minn. 465, 468, 286 N.W. 356, 358 (1939).

Appellant argues there was no evidence of past dealings between appellant and CIGNA, and, therefore, there is no course of conduct by which to establish respondent's authority to negotiate a settlement without appellant's consent.

■ We accept the trial court's conclusion. The trial court did not rely on a prior course of dealing between appellant and CIGNA. The trial court relied upon the custom or usage of trade within the insurance industry for the primary carrier, CIGNA, to adjust the claim. This is one of the material facts which appellant did not dispute at the trial court level and stipulated to it. The trial court stated in its memorandum:

> It should be noted the foregoing decision is predicated upon the fact of custom and usage within the industry. It is not predicated upon a finding of apparent authority arising from the specific facts of the case.

■ Insurance contracts and policies are assumed to have been made in reference to trade usages and customs of the place where the business is transacted. In the absence of express terms of the contract or of policy repelling the inference, they can form part of a contract. *See* 25 CJS *Customs and Usages* § 19 (1981). *See also Schock v. Ocker Insurance Corp.,* 248 N.W.2d 786, 791 (N.D.1976); *Taylor v. Security Mutual Fire Insurance Co.,* 88 Minn. 231, 92 N.W. 952 (1903) (evidence of custom and usage of insurance companies was properly a question before the jury).

Gary Knoll, unit manager for CIGNA, stated it is customary within the insurance industry for the primary carrier to conduct the negotiations with a claimant. Appellant did not refute this statement. In fact, Bob Brinkworth, claims supervisor for appellant, stated in his deposition that he had no discussions with CIGNA about who would adjust the claim because CIGNA was the primary insurer.

Q. Did you have any discussions about who would adjust the claim?

A. No, and I think that if we did, I would assume that they were the ones because they were primary with 500,000.

## II.

### Establishment of agency

Appellant argues the existence of an agency relationship is a question of fact for the jury. *Vacura,* 364 N.W.2d at 391. Appellant argues primarily that there was a genuine issue of material fact over the course of dealing between the parties, and that the evidence is contrary to the trial court's findings.

Appellant claims Garry Anderson had no authority, actual or implied, to negotiate a settlement on appellant's behalf. Appellant argues Bob Brinkworth never knew an offer was made to respondent's attorney. Thus, appellant concludes, there was no evidence Garry Anderson made an offer of

compromise that included money from appellant, or that the offer was accepted.

We accept the rule that on review the evidence must be considered in the light most favorable to the non-moving party. *Urban Child v. Evans,* 310 Minn. 197, 204, 245 N.W.2d 600, 605 (1976). However, we hold the trial court properly granted respondent summary judgment on this record.

Counsel for the respective parties stipulated there were no genuine issues of material fact. This is also stated in the trial court's memorandum. Appellant is now taking a different position than it took in its motion for summary judgment. Appellant *did not* reserve any areas under which it could claim there were disputed facts should it lose its summary judgment motion. Brinkworth and Knoll acknowledged in their depositions it is a customary practice in the industry for the primary insurer to adjust the claim. Brinkworth knew in late May the offer was being made, and never informed respondent's counsel that Garry Anderson had no authority to make an offer on behalf of appellant. We affirm the trial court's grant of summary judgment.

### III.

*Record on appeal*

We find portions of appellant's appendix were not part of the record before the trial court and thus will not be considered by this court in making its decision. *Park Elm Homeowners Association v. Mooney,* 398 N.W.2d 643, 646 (Minn.Ct.App.1987).

### DECISION

The trial court properly found no material issue of fact existed. The trial court did not err in basing its decision on the custom and usage of the insurance industry.

Affirmed.