**STATE of Minnesota, Respondent,**

v.

**Corey Lamont HOLIDAY, Appellant.**

**No. C1–98–12.**

Court of Appeals of Minnesota.

Oct. 6, 1998.

Hubert H. Humphrey III, Attorney General, St. Paul; and Jay M. Heffern, Minneapolis City Attorney, Michelle Doffing,

Assistant City Attorney, Minneapolis, for respondent.

William E. McGee, Hennepin County Public Defender, Renee Bergeron, Assistant Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and KLAPHAKE and SHUMAKER, JJ.

## OPINION

KLAPHAKE, Judge.

Appellant Corey Holiday was convicted of misdemeanor trespassing in violation of Minneapolis, Minn., Code of Ordinances § 385.380. Because we conclude the ordinance requires a narrow construction that does not cover Holiday's conduct, we reverse the conviction.

## FACTS

Holiday was tab charged with violating the trespass ordinance on August 5, 1997. Four days earlier, on August 1, Minneapolis police had given Holiday a Trespass Warning Form for trespassing at 1184 Fourth Avenue, part of the Rowhouse Projects, a public housing project owned by the Minneapolis Public Housing Authority (MPHA). Holiday signed the warning, which recited the language of the trespass ordinance and stated that it applied to "All MPHA" property.

Before trial, Holiday moved to dismiss for lack of probable cause, improper issuance of the Trespass Warning Form, and claim of right. The trial court denied these motions. The court concluded that although Holiday's initial arrest on August 1 was illegal, suppression of the Trespass Warning Form or dismissal of the charge was not required.

At trial, the state established that on August 1, a police officer saw 10 people, including a man identified as Holiday, standing in front of the door to 1184 Fourth Avenue. The officer testified that when the group fled, he gave chase and eventually detained Holiday. The officer gave Holiday the Trespass Warning Form, which Holiday signed.

On August 5, the same officer drove up to the Rowhouse Projects and recognized Holiday, who fled on foot. The officer detained Holiday nearby and arrested him for trespassing.

Holiday testified in his own defense, stating that he lived some distance from the Rowhouse Projects but had friends and family who lived in the neighborhood. Holiday denied going to the Rowhouse Projects on August 1, but admitted that he was arrested nearby and that he signed the Trespass Warning Form. Holiday also denied he was on the 1100 block of Fourth Avenue on August 5, the night of his second arrest.

The jury found Holiday guilty of trespass. Holiday moved for judgment of acquittal, based in part on his claim that the trespass ordinance is unconstitutional. The trial court denied that motion, and this appeal followed.

## ISSUE

Is Minneapolis Code § 385.380 unconstitutionally overbroad?

## ANALYSIS

Ordinances, like statutes, are presumed valid and will be declared unconstitutional only if shown to be so beyond a reasonable doubt. *Press v. City of Minneapolis,* 553 N.W.2d 80, 84 (Minn.App.1996). The party challenging the constitutionality of the statute or ordinance bears the burden of proving the enactment unconstitutional. *State v. Holmberg,* 545 N.W.2d 65, 70 (Minn. App.1996), *review denied* (Minn. May 21, 1996). The question of the constitutionality of an ordinance is a matter of law that this court reviews de novo. *State v. Stallman,* 519 N.W.2d 903, 905 (Minn.App.1994).

The Minneapolis trespass ordinance provides in pertinent part:

(a) No person shall intentionally trespass on the land of another and, without claim of right, refuse to depart therefrom on demand of the lawful possessor thereof or his agent. A demand to depart may be made as follows:

(1) Orally, *or in writing,* by the lawful possessor or the possessor's agent[.]

\*    \*    \*    \*    \*    \*

(b) No person who has received a written demand to depart pursuant to clause (1) of paragraph (a) of this section shall reenter the lawful possessor's land without the written permission of the lawful possessor or the agent providing said demand for a period of up to ninety (90) days from the date of the written demand, as provided therein.

Minneapolis, Minn., Code of Ordinances § 385.380 (1997) (emphasis added).

Holiday argues that the ordinance is unconstitutionally overbroad because it reaches a substantial amount of constitutionally protected conduct. *See State v. Mercherson,* 438 N.W.2d 707, 709 (Minn.App.1989) (criminal statute that reaches substantial amount of constitutionally protected conduct may be held facially invalid). Holiday reasons that the ordinance violates the right of association because it prevents him from visiting friends and family who live in public housing. *See generally Roberts v. United States Jaycees,* 468 U.S. 609, 618, 104 S.Ct. 3244, 3250, 82 L.Ed.2d 462 (1984) (Bill of Rights limits state's authority over individual's freedom to enter into particular associations). Holiday also argues that the ordinance is unconstitutionally overbroad because, by its terms, a demand to depart can be made without any initial trespass having been committed.

■ A defendant asserting a statute or ordinance is unconstitutionally overbroad may challenge the provision on its face and not merely in its application to his own conduct. *Broadrick v. Oklahoma,* 413 U.S. 601, 612, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973). The overbreadth doctrine should be applied only if the degree of overbreadth is substantial and the provision is not subject to a limiting construction. *State v. Machholz,* 574 N.W.2d 415, 419 (Minn.1998).

The ordinance at issue here prohibits both an initial trespass, when the offender refuses to leave despite a demand to do so, and a reentry trespass, when the offender returns to the property despite having received a written demand to depart and without receiving written permission to enter. *See* Minneapolis, Minn., Code of Ordinances § 385.380(a) (prohibiting initial trespass), (b) (prohibiting reentry trespass). Because the

ordinance is subject to two limiting constructions, we conclude that it is not unconstitutionally overbroad.

■ First, the most logical reading of the ordinance requires that an initial trespass must occur before the "lawful possessor" or his agent may issue a demand to depart. *See generally State v. Murphy,* 545 N.W.2d 909, 916 (Minn.1996) (courts must accept most logical and practical construction of statute). Paragraph (b) of the ordinance, which defines a reentry trespass, references paragraph (a)(1), the demand to depart, but does not explicitly incorporate paragraph (a), which defines an initial trespass. Nevertheless, because a demand to depart logically must be triggered by an initial trespass, we conclude that an initial trespass must occur before a person can commit a reentry trespass.

■ Second, the ordinance cannot be construed so broadly as to prohibit Holiday's "re-entry" onto any property owned by the Minneapolis Public Housing Authority (MPHA). The ordinance allows a "lawful possessor" or the possessor's "agent" to issue a demand to depart. Minneapolis Code § 385.380(a). The tenant is the lawful possessor of the property. *Cf. Neilan v. Braun,* 354 N.W.2d 856, 859 (Minn.App.1984) (valid lease provides lessee with right of possession superior to that of lessor). Thus, either the Minneapolis police or the MPHA could serve as agents for the MPHA or its tenants, and issue a demand to depart. To avoid finding the ordinance unconstitutionally overbroad, however, we conclude that that authority does not allow the exclusion of a trespasser from all public housing in the city.

The city's interpretation of the ordinance, apparently reflected in MPHA agreements with its tenants, is that an initial trespass on one MPHA property permits the MPHA or the police to act as agents for the tenant in possession of that property and to exclude a trespasser from all MPHA properties. This construction of the ordinance seriously impinges upon the freedom of association of persons such as Holiday, who testified that

he had friends and family living in MPHA properties.[1]

It is true that the government, no less than a private owner of property, has the right to limit access to its property. *United States Postal Serv. v. Council of Greenburgh Civic Ass'ns.*, 453 U.S. 114, 129–30, 101 S.Ct. 2676, 2685, 69 L.Ed.2d 517 (1981). But the police here attempted to exclude Holiday from properties occupied by many individuals, covering significant sections of the city. Such a sweeping restriction arguably cannot be imposed even on a convicted felony offender, as a condition of probation. *See State v. Haynes*, 423 N.W.2d 102, 104 (Minn.App. 1988) (condition of probation excluding defendant from area of north Minneapolis not unconstitutional where it did not limit his association with family or work, and only narrowly circumscribed his right to travel). Holiday's "banishment" from public housing projects was imposed based merely on the *appearance* that he had committed the misdemeanor offense of trespassing.

We cannot logically construe the ordinance as giving a "possessor's agent" authority that is more extensive and far reaching than that of the principal (or tenant). *Cf. Quinlivan v. EMCASCO Ins. Co.*, 414 N.W.2d 494, 497 (Minn.App.1987) (all agent's authority must be traced to principal), *review denied* (Minn. Jan. 15, 1988). If individual MPHA tenants cannot exclude Holiday from all MPHA properties, no apparent authority exists for the police or the MPHA, as the tenants' agents, to do so. Thus, we construe the ordinance to allow issuance of a demand to depart only from a specific MPHA property.

 At trial, the city established that Holiday committed an initial trespass at 1184 Fourth Avenue, part of the Rowhouse Project, and that Holiday was given a written

demand to depart, in the form of a "Trespass Warning Form." The city did not prove that Holiday returned to 1184 Fourth Avenue on August 5, merely that he returned to some part of the Rowhouse Project, an MPHA property. Because there is insufficient evidence to support a conviction under the ordinance as we have construed it, we reverse the conviction on this basis. Given our reversal, we need not address the other constitutional issues raised.

### DECISION

To avoid a finding of unconstitutional overbreadth, the Minneapolis trespass ordinance must be construed to allow the issuance of a demand to depart only from a specific property, after an initial trespass has been made onto that property.

**Reversed.**

---

1. This court has treated the freedom of association as a constitutional right closely associated with First Amendment protections. *Stone v. Badgerow*, 511 N.W.2d 747, 750 (Minn.App. 1994), *review denied* (Minn. Apr. 19, 1994). There is some dispute whether the freedom of intimate association involved here, that is unrelated to expressive conduct protected by the First Amendment, is subject to the overbreadth doctrine. *See Hvamstad v. Suhler*, 727 F.Supp. 511, 517 (D.Minn.1989) (noting Supreme Court has

not addressed issue but holding overbreadth doctrine does not apply to freedom of intimate association claims), *aff'd* 915 F.2d 1218, 1219 (8th Cir.1990) (affirming First Amendment analysis without discussion). We believe, however, that it is appropriate to apply the overbreadth doctrine to such a sweeping limitation on the freedom of association. But, even if the overbreadth doctrine were not applied, the ordinance cannot be interpreted as broadly as the city interprets it.