HAMBURG-BREMEN FIRE INSURANCE COMPANY v. LUTHER SWIFT ET AL.

Decided June 30, 1910.

1.—Fire Insurance—Increase of Hazard—Question of Fact.

In an action upon a policy of fire insurance the defense being that the insured had increased the hazard, contrary to the terms of the policy, by storing hay in the house insured, evidence considered and held to raise a question of fact as to the increase of hazard, and the court therefore erred in instructing a verdict for the plaintiff.

2.—Same—Judicial Knowledge.

While a court may judicially know that hay is inflammable, it can not judicially know that bundles of hay, temporarily left upon the gallery of a building and which were in no manner responsible for the fire which destroyed the building, increased the hazard of the insurance.

3.—Same—Interest on Loss.

When a contract of fire insurance provides that the loss, if any, shall not be payable until sixty days after proof of loss is made, it is error to allow interest from the date that proof of loss is made.

Appeal from the District Court of Nacogdoches County. Tried below before Hon. James I. Perkins.

*Wm. Thompson, Geo. S. Wright* and *June C. Harris,* for appellant.—Where a policy of fire insurance provides that the entire policy shall be

void if the hazard be increased by any means within the control or knowledge of the insured, and said policy insures a building occupied as a dwelling, and after the issuance of the policy the assured temporarily stores in said dwelling large quantities of hay, there is, as matter of law, an increase of the hazard, and the policy is void regardless of the question as to whether or not the storing of said hay actually caused or contributed to the loss. Alston v. Greenwich Ins. Co., 29 S. W., 266; Dittmer v. Germania Ins. Co., 23 La. Ann., 458; Betcher v. Capital Fire Ins. Co., 78 Minn., 240; School District v. German Ins. Co., 64 N. W., 527; 2 Clements on Fire Ins., 310, 311.

Immateriality of the increase of hazard contributing to or causing the loss: Pennsylvania Fire Ins. Co., 35 S. W., 55; Daniels v. Equitable Fire Ins. Co., 48 Conn., 105, 50 Conn., 551; Germania Fire Ins. Co. v. Deckard, 28 N. E., 868, and authorities cited; Martin v. Capital Ins. Co., 52 N. W., 534; Stout v. City Fire Ins. Co. of New Haven, 12 Iowa, 371; Kyte v. Commercial Union Ins. Co., 21 N. E., 361; May on Insurance, pars. 218, 220.

Temporary increase avoids policy: Imperial Ins. Co. v. Coos County, 151 U. S., 452, and authorities cited; Hill v. Middlesex Ins. Co., 55 N. E., 319.

Where a policy of fire insurance covering a building as a dwelling house provides that it shall be void if the hazard be increased by any means within the knowledge or control of the assured, and the uncontroverted evidence shows that before the fire large quantities of hay were stored in the building without the consent or knowledge of the insurer, if such fact does not show increase of hazard as a matter of law it would at least raise an issue of fact to be determined by the jury. Moriarity v. United States Ins. Co., 19 Texas Civ. App., 669; Taylor v. Security Ins., Co., 92 N. W., 952; Orient Ins. Co. v. McKnight, 64 N. E., 339; Greenwich Ins. Co. v. State, 84 S. W., 1025; 3 Clemonts on Fire Ins., 214, rule 34.

The court erred in its charge to the jury wherein the jury were instructed to return a verdict for the plaintiff for the amount of the policy together with interest from the date claimed in the petition to be due, because among other reasons said policy contained a valid, reasonable and binding provision to the effect that in the event of fire the amount due under this policy shall not be payable until sixty days after filing proofs of loss, and under the law, interest would not begin to run on said policy until sixty days after the filing of said proofs of loss. Queen Ins. Co. v. Jefferson Ice Co., 64 Texas, 578; Continental Ins. Co. v. Chase, 33 S. W., 603.

*King & King,* for appellees.

McMEANS, ASSOCIATE JUSTICE.—Luther Swift and Fritz Swift, appellees, sued the appellant, Hamburg-Bremen Fire Insurance Company, to recover upon a fire insurance policy issued by the appellant, the

subject of insurance being a house owned by appellees which was destroyed by fire.

In defense of the suit appellant pleaded a clause of the policy which provided that the policy should be void if the hazard be increased by any means within the knowledge or control of the assured, and alleged that the hazard, as it existed at the time the policy was issued, was increased within the knowledge and control of the assured· in that the assured at the time of the fire and prior thereto had a lot of hay, a highly inflammable material, stored in the building, thereby creating and rendering a greater liability to destruction of the property by fire than existed at the time the policy was issued.

After hearing all the evidence the court instructed the jury to return a verdict for the plaintiffs, which was done, and judgment was accordingly entered for them. The defendant has appealed.

By its first assignment of error appellant complains of the action of the court in instructing a verdict for the plaintiffs, and by the second assignment complains of the refusal of the court to instruct a verdict for defendant.

The evidence shows that prior to the fire which resulted in the destruction of the house insured, there had been left on the gallery of the house a quantity of baled hay, amounting to ten or fifteen bundles. How long it had been there the evidence does not disclose. It was shown that the hay had been thrown off a wagon and left in the house because storage room was lacking at the mill, and that it was left there until the wagons could return from the mill.

Under this state of facts we are asked to hold as a matter of law that the provision of the policy above referred to had been violated and that the Insurance Company had been relieved of all liability on the policy, and to reverse the judgment of the court below and here render judgment for appellant.

We are not prepared to hold in the absence of further testimony than above detailed that as a matter of law the hazard had been increased and the policy thereby avoided. We can judicially know that hay is inflammable, but we can not so know that the hay left on the gallery, which was shown to be in no manner responsible for the fire, was of such quantity and so situated or so unguarded or so exposed that the hazard was increased, and on these points the evidence leaves us wholly in the dark. The assignments must be overruled.

By its third and fourth assignments appellant complains that the charge instructing a verdict for plaintiffs was wrong for the reason that the issue of increased hazard, pleaded by it, was at least raised by the evidence, and that the issue should have been submitted to the jury. We think the assignment must be sustained. The evidence, in our judgment, raised the issue and it was error for the court, in the circumstances, not to submit it, and this error requires a reversal of the lower court's judgment. Moriarity v. United State Insurance Co., 19 Texas Civ. App., 669 (49 S. W., 132); Greenwich Insurance Co. v. State, 84

S. W., 1025; Taylor v. Security Insurance Co., 92 N. W., 952; Orient Insurance Co. v. McKnight, 64 N. E., 339.

The court instructed the jury to return a verdict for the amount of the policy together with interest from the date claimed in the petition to be due. The petition alleged that proof of loss and demand for payment were made on January 6, 1908, and they prayed for the sum of the insurance and for interest from that date. By the provisions of the policy the sum for which the Insurance Company could be made liable would not be payable until sixty days after such proof of loss. In Queen City Insurance Co. v. Jefferson Ice Company, 64 Texas, 578, the Supreme Court, in construing a similar provision of an insurance policy, held that interest did not begin to run until sixty days after receipt of proof of loss had expired. The charge in question was erroneous and the assignment raising the point is sustained. This error would not necessitate the reversal of the judgment because of the power of this court, from the data at hand, to reform the judgment, but we pass upon the point in view of another trial.

For the error indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*