SCRUGGS v. WHEELER. (No. 2885.)

Court of Civil Appeals of Texas. Amarillo.
Oct. 19, 1927.

Rehearing Denied March 14, 1928.

I. Nuisance ⚖➾3(5)—Cotton gin, though not nuisance per se, may become such because of its location, construction, or operation.

Cotton gin is not a nuisance per se, but may be adjudged a nuisance because of its location or the manner of its construction or operation.

2. Nuisance ⚖➾23(I)—Contemplated structure will not generally be enjoined unless it is certain that when completed it will constitute nuisance.

As a general rule, an injunction will not be issued in advance of structure complained of as nuisance, unless it is certain that the structure when completed will actually constitute a nuisance.

3. Municipal corporations ⚖➾601—Inclusion of all "other manufacturing * * * establishments" within ordinance regulating location of elevators, gins, and ice plants embraced merely industrial plants of character specified, and did not render ordinance invalid.

Ordinance limiting territory in city within which elevators, gins, ice plants, and "all other manufacturing and industrial establishments" might be erected merely extended to industrial plants of the same kind and character as those specified in the ordinance, and reference to other establishments did not therefore render ordinance void.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Manufacturing Establishment.]

4. Municipal corporations ⚖➾605—Ordinance restricting location of cotton gins held authorized under statutes giving cities power to locate offensive manufacturing establishments, abate nuisances, and regulate works dangerous in promoting fires (Rev. St. 1925, arts. 1015, 1068).

Ordinance making it unlawful for any person to erect cotton gin except in designated district along railway track in city held authorized under Rev. St. 1925, arts. 1015 and 1068, giving cities power to abate nuisances, direct location of offensive or unwholesome business, and to regulate works dangerous in promoting fires, and in any event ordinance was not unreasonable.

5. Municipal corporations ⚖➾III(3)—Ordinance passed pursuant to specific legislative authority cannot be successfully attacked as unreasonable except on constitutional grounds.

Where Legislature in terms gives a municipality power to pass ordinances of a specified and defined character, ordinances so passed cannot be successfully attacked as being unreasonable except upon constitutional grounds, though they may be so impeached if passed under merely incidental or general powers.

6. Municipal corporations ⚖➾601—Ordinance restricting cotton gins to district adjacent to railroad tracks held reasonable in view of fire hazard and noise, smoke, and offensive odors incident to ginning.

City ordinance restricting location of cotton gins to district adjacent to railroad tracks, even if not specifically authorized by statute, held reasonable in view of highly inflammable character of cotton lint, and noise, dust, and offensive odors incident to ginning cotton.

7. Municipal corporations ⚖➾63(2)—Courts may inquire as to reasonableness of ordinance passed without express authority.

Where no express authority is given municipality to pass upon ordinance, reasonableness of municipality's action is subject to inquiry by the courts.

8. Municipal corporations ⚖➾63(2)—Courts will not interfere with exercise of discretionary power by municipalities, unless clearly unreasonable.

Courts will not interfere with or attempt to control the exercise of the discretionary powers of municipalities unless they are clearly unreasonable.

9. Municipal corporations ⚖➾601—Inflammable character of lint produced and noise, dust, and offensive odors resulting from cotton ginning may be considered in passing upon ordinance excluding gins from residential districts.

Inflammable and combustible character of lint produced by ginning cotton, and noise, dust, smoke, gases, and offensive odors incident to the business of ginning, while possibly not all matters of which court may take judicial notice, may, nevertheless, be considered in determining reasonableness of ordinance which excludes gins from residential districts.

10. Municipal corporations ⚖➾63(2)—Reasonableness of city ordinance is generally question of law.

Reasonableness of city ordinance is, as a general rule, a question of law for the court, and courts will generally defer to judgment of municipal authorities in determining necessity and reasonableness of ordinance.

Appeal from District Court, Wheeler County; Newton P. Willis, Judge.

Suit by R. L. Wheeler against Arthur Scruggs for an injunction. Judgment for plaintiff and defendant appeals. Affirmed.

Reynolds, Hill & Engledow, of Shamrock, for appellant.

J. W. Sanders, of Canadian, and Clayton Heare, of Shamrock, for appellee.

HALL, C. J. The appellee, Wheeler, filed this suit, praying for an injunction restraining the appellant Scruggs from erecting and operating a gin plant on four certain lots in the town of Shamrock. He alleged in substance that the erection and operation of such gin would be in violation of city ordinance No. 80. In a second count, he

alleges that if the gin is erected and operated it will be a nuisance and will interfere with the comfortable and peaceful enjoyment of his home, because, in operating it, lint, dust, smoke, etc., would be blown from the gin onto his lot and into his residence, thereby becoming a nuisance.

The appellant answered by a general demurrer and special exceptions, and alleged specially that the character of the gin which he proposed to erect and operate was of the most modern type; that its operation would not interfere with the comfortable enjoyment of appellee's home or be injurious to the health of appellee or his family. He further attacked said ordinance No. 80 as being void and of no force and effect, because it was arbitrary, unreasonable, and deprived him of the right to use his property in a lawful manner, without due process of law, in violation of the Constitution and the laws of this state.

The case was tried to the court without the intervention of a jury, and resulted in a judgment in favor of appellee perpetually enjoining appellant from the erection and operation of said gin. From this judgment, this appeal is prosecuted.

The record contains a statement of facts. The trial judge filed findings of fact and conclusions of law, which are, in substance, as follows:

(1) That on January 25, 1927, the defendant Scruggs purchased the four lots described in the petition, within the corporate limits of the city of Shamrock, and on February 15th thereafter commenced the erection of a cotton gin thereon; that the city of Shamrock was duly incorporated under the general laws of the state of Texas; that he purchased said four lots with the intention and for the purpose of erecting and operating a cotton gin thereon.

(2) That prior to the purchase of said property, Wheeler had acquired four certain other lots in the same block, and that his homestead was situated upon two of said lots, where he resided with his family and where he intended to reside in the future.

(3) That the cotton gin which the defendant Scruggs proposes to erect upon his lots will be, as to the property line thereof, 250 feet from plaintiff's residence, and that the nearest improvements or accessories to the cotton gin upon defendant's lots will be 310 feet from the plaintiff's residence.

(4) On November 30, 1926, the city of Shamrock, by and through its city council, duly enacted ordinance No. 80, by which it was made unlawful for any person to erect a cotton gin within that part of the corporate limits of said city in which the plaintiff resided and in which the defendant proposed to erect said gin; that said ordinance was regulatory and provided that a cotton gin might be erected in any part of that territo-

ry of the city which was situated 400 feet from the center of the main track of the Chicago, Rock Island & Gulf Railway Company which ran through said city, and said ordinance further provided a penalty for the erection of a cotton gin elsewhere in said city.

(5) There have been located within said city at least six gins similar in a general way to the one which defendant proposes to build, and that prior to the passage of said ordinance, the said six gins had become offensive to the inhabitants thereof, by emitting clouds of dust and lint from the cotton, which had been transmitted to residential property situated in the vicinity of said gins; that the collection of automobiles and teams around said gins has caused noises and offensive odors and increased the fire hazard to residences, making the insurance rate higher by reason of the danger of fire, and had subjected such residential districts to deposits of dirt and lint in and upon the premises of residents in proximity thereto; that certain prevailing winds carried such dust, dirt, and cotton into and upon the premises and residences to such an extent that the manner in which said gins had operated and in which they likely might be operated was a nuisance to the people of said city, causing physical discomfort, disturbing the peace and quietude, and depriving them of the comfortable enjoyment of their homes, and were, therefore, obnoxious to the general welfare of the people who resided near by; that by reason of such matters, there was a reasonable necessity for the passage of said ordinance No. 80 in order to abate the operation of cotton gins, because the same had proved to be nuisances when operated in the districts where residences were situated, and that such was likely the actuating motive of the city of Shamrock in the passage of such ordinance.

(6) That it is the purpose and intent of the defendant to attempt to operate his proposed gin with certain improved machinery; that a gin could be constructed with improved machinery, similar to that which the defendant proposes to use, in such a way as that the objectionable features hereinbefore enumerated might be greatly reduced, but that, even with such machinery, which has been placed upon other gins within said city, the operation of the gin might be so conducted as that it would be a nuisance in the same way as other gins have proven to have been nuisances; that, even with all the modern improved machinery which might be placed therein, there is, nevertheless, some dust emitted and some lint that might be deposited, and if defendant should be permitted to erect his gin upon the lots, the same might, with reasonable probability, be operated in such a way as that it would constitute a nuisance to plaintiff Wheeler; that said gin will be located south of plaintiff's residence, and

the dust and lint may be carried to plaintiff's premises in such way as would be obnoxious to the welfare, peace, comfort, and enjoyment by plaintiff and his family of their home.

(7) The erection of said gin would violate the terms of the ordinance above referred to and is forbidden by said ordinance to be erected in the place where defendant proposes to build it.

(8) The erection of such gin would have the effect of depreciating plaintiff's residence to the extent of one-half of its present value; that the value of said property is $5,000, and it would greatly increase the fire hazard and result in increasing his insurance rate; that it will hinder the growth and affect the appearance of the shrubbery in plaintiff's yard.

The court concluded, as a matter of law, as follows: (1) That the construction and operation of the gin, as other gins have been with similar machinery, would be a nuisance in law to plaintiff and his family in that it would destroy the peaceful and quiet enjoyment of their home and would be deleterious and destructive of their welfare and impair the value of their residence property. (2) The ordinance passed by the city of Shamrock was reasonably necessary to abate the operation of cotton gins in residential districts of said city and was a regulatory ordinance coming within the purview of the police power of the city, and was within the powers granted said city by statute to regulate the location of such gins which might be nuisances; and, therefore, the ordinance is valid and is not void upon its face, and that its effect is to prohibit the erection of said gin, as a matter of law, and therefore plaintiff is entitled to and should have the injunction herein sought made permanent.

Appellant presents the case here upon two propositions. He contends first that ordinance No. 80 is void, and, second, insists that unless it is certain that the gin, when constructed, will be a nuisance, an injunction should not be issued in advance of its construction, and that the court was, therefore, not authorized to enjoin its construction and operation until, in fact, it became a nuisance by reason of being improperly operated.

The injunction is sought because the erection of the gin violates ordinance No. 80, and for the further reason that its erection and operation at the designated place would constitute a nuisance and result in injuries, for which a judgment for damages would not compensate him. He did not sue for damages in any sum. The trial court heard the evidence and found that the erection of the gin would reduce the value of plaintiff's property 50 per cent., or $2,500, and would increase his fire hazard and fire insurance rate, and that, if built with such machinery as had been used in other gins then in the city, "the same might, with reasonable probability, be operated in such a way as that it would constitute a nuisance to plaintiff, Wheeler."

Appellee frankly admits that the court's findings are conflicting, and will not support the injunction against appellant upon the ground that it would be a nuisance, since the court did not find that the erection of the gin at that place would certainly be a nuisance, but found only that it might be so constructed and operated as to become a nuisance thereafter. However, appellee contends that the city council, in enacting and enforcing said ordinance was legally and properly exercising its police powers; that such ordinance being valid upon its face, casts the burden of proving its invalidity and unreasonableness upon the defendant. The ordinance declares that it shall be unlawful for any person to erect a gin, ice plant, etc., "or other manufacturing or industrial establishment within the corporate limits of the city except" within a certain specified district along the railway track, and provides a penalty of $100 per day for a violation of its provisions.

[1] A cotton gin is not a nuisance per se, but may be adjudged a nuisance because of its location or the manner of its construction or operation. Hamm v. Gunn, 51 Tex. Civ. App. 424, 113 S. W. 304; Gose v. Coryell, 59 Tex. Civ. App. 504, 126 S. W. 1164; Strieber v. Ward (Tex. Civ. App.) 196 S. W. 720.

[2] The general rule is that an injunction will not be issued in advance of the structure unless it is certain that when completed it will constitute a nuisance. Waggoner v. Floral Heights Baptist Church, 116 Tex. 187, 288 S. W. 129. So, if the injunction is to be sustained, it must be upon the ground that the ordinance is a valid and reasonable regulation under the facts proven.

[3] The ordinance is not invalid because it designates elevators, gins, ice plants, etc., as being the businesses to be regulated, and further says: "All other manufacturing or industrial establishments" shall not be built except within the prescribed district. By applying the rule of ejusdem generis in the construction of this ordinance, the general words quoted above simply mean industrial plants of the same kind and character as those specified in the ordinance. Maryland Casualty Co. v. Scruggs (Tex. Civ. App.) 277 S. W. 768; Stockwell v. State, 110 Tex. 550, 221 S. W. 932, 12 A. L. R. 1116; Village of Euclid, Ohio, v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303; 36 Cyc. 1119.

Whether the ordinance is valid as against the other objections urged depends upon the authority of the city council, in the exercise of its police powers to enact it. The ordinance is not prohibitory but regulatory in its provisions. 43 C. J. 410.

R. S. 1925, article 1015, provides:

"The governing body [of cities, towns and villages] shall also have power: * * *

"(9) Location of Establishment—To direct the location of business * * * and any manufacturing establishments * * * and all other establishments or places where any nauseous, offensive or unwholesome business may be carried on. * * *

"(11) Nuisances—To abate and remove nuisances and to punish the authors thereof by fine, and to * * * declare what shall be nuisances and authorize and direct the summary abatement thereof; and to abate all nuisances which may injure or affect the public health or comfort in any manner they may deem expedient."

Article 1068 provides:

"Fire Regulations—The city council shall have power: * * *

"(5) To regulate or prevent the carrying on of manufactories and works dangerous in promoting or causing fires; to prohibit or regulate the building and erection of cotton presses and sheds."

The appellee insists that, under these statutory provisions defining the powers of the city council, the right of the council to regulate the erection of gins, by confining them to the designated district along the railway, is expressly granted and such ordinance is a legal and reasonable regulation, and that the trial court did not err in so holding.

[4] We are inclined to the opinion that the statutes quoted authorize the city council to pass this regulatory ordinance. The court's findings that the construction of the gin as proposed might constitute a nuisance when it was completed and operated, and that it would diminish the value of plaintiff's home 50 per cent., would increase the appellee's fire hazard and his rate of insurance, might not be within themselves grounds for an injunction because it might not result in being a nuisance, and appellee might be compensated in damages for the probable injury; nevertheless, we think these facts, when considered with the fact that all the other gins similarly equipped were nuisances, show the reasonableness of the ordinance in question.

"In the exercise of their police powers, municipal corporations may enact such regulations as are necessary for the prevention of and protection from fires, and it is the duty of municipal corporations to do so. * * * Fire municipal regulations must be reasonable and not arbitrary, but the courts will not declare such regulations unreasonable unless in clear cases of abuse. The power to prevent fire carries with it the right to employ the most effective means to that end. In the exercise of the power, the erection or use of buildings for the purpose of a more or less dangerous character may be prohibited." 43 C. J., § 439.

"Building regulations must have the tendency to promote the health, safety or general welfare and must be reasonable and not arbitrary." 43 C. J., § 357.

"While an individual has an inherent or natural right to engage in any lawful business, occupation or trade, and may use his property for that purpose, yet the nature of the business, occupation or trade sought to be carried on may be such as to render it subject to regulatory control by municipal corporations in the exercise of their police powers or authority delegated to them by the Legislature or Constitution, as under authority granted to restrict or prohibit nuisances. Such regulation is permitted in the interest of the public peace, health, morals and general welfare of the municipality. The authority of the corporation in the premises must be granted by the state, either expressly or by obvious implication. It is not inherent." 43 C. J., § 357.

"The power must be exercised reasonably, within constitutional limitations, not arbitrarily, or in restrain of trade, without discrimination, fair to all alike, and with some reasonable reference to the public peace, health, morals, safety or general welfare of the municipality. The question whether a limitation upon the conduct of business or trade has a reasonable relation to the accomplishment of a legitimate public purpose is one that must be decided upon a view of the particular legislation and the circumstances to which it is applied. The question is largely one of fact." 43 C. J., § 408.

[5] The rule is generally announced that where the Legislature in terms gives a municipality power to pass ordinances of a specified and defined character they cannot be successfully attacked, except upon constitutional grounds, as being unreasonable, though they may be so impeached if passed under merely incidental or general powers. Chimene v. Baker, 32 Tex. Civ. App. 520, 75 S. W. 330; H. & T. C. Ry. Co. v. City of Dallas, 98 Tex. 396, 84 S. W. 648, 654, 70 L. R. A. 850; Invader Oil & Refining Co. v. City of Fort Worth (Tex. Civ. App.) 229 S. W. 616; 43 C. J. 316.

[6, 7] If we are mistaken in thinking that the city had express authority to pass the ordinance in question, then we hold that under all the circumstances the ordinance is reasonable. Where no express authority is given a municipality to pass the ordinance in question, the reasonableness of such action is subject to inquiry by the courts.

"While courts are reluctant to declare municipal regulations or other acts invalid by reason of their unreasonableness, and the power to do so must be carefully exercised, and such regulations or other acts will not be declared invalid by reason of their unreasonableness, unless the unreasonableness thereof is made clearly to appear, when such unreasonableness clearly appears the courts may declare them invalid. If there is room for a fair difference of opinion as to the reasonableness of a municipal regulation, the courts will not hold it void." 43 C. J. 316.

[8] The courts will not interfere with or attempt to control the exercise of the discretionary powers of municipalities, unless they are clearly unreasonable. 43 C. J. 317.

With reference to police powers, it is said:

"When a municipal corporation exercises its police power, the means appropriate in the exercise thereof rest in the discretion of the corporation, and the courts will not interfere in

the absence of a clear abuse of discretion. While following the general rule, whether a police regulation is reasonable, is not a question for the courts when it is enacted in pursuance of express legislative authority, the reasonableness of regulations enacted by municipal corporations, in the exercise of their police powers, is subject to judicial inquiry when it assumes that power by virtue of its incidental or general grant of power. In the exercise of its police powers, the courts will not interfere with the action of the governing body of the corporation, where the regulations provided are adapted to the object sought and are not manifestly unreasonable. The court will not disturb a police municipal regulation where there is room for a difference of opinion of whether or not the public safety or welfare is promoted by its provision. Where two constructions are possible, one which will sustain the regulation or ordinance, and the other which will defeat it, the court will adopt the construction sustaining it." 43 C. J. 318.

It is held that it is a matter of common knowledge, of which the courts will take judicial notice, that hay is an inflammable substance. Hamburg-Bremen Fire Insurance Co. v. Swift (Tex. Civ. App.) 130 S. W. 670.

[9] That the lint produced by ginning cotton is a highly inflammable and combustible material, on account of which gins are classed as extrahazardous risks by insurance companies; that during the ginning season cotton gins frequently run day and night; that they serve the rural population only; that all cotton ginned must be shipped from this country by rail; that much of it is hauled from the farms to the gins by wagons and teams; and that there is necessarily unusual noise, dust, smoke, gases, and offensive odors, to a greater or less extent, incident to the business of ginning, are also matters of common knowledge. While possibly the courts may not take judicial knowledge of all these facts, nevertheless, they may be considered in determining the reasonableness of a city council's action in passing the ordinance in question, which excludes gins from residential districts and confines them to a designated industrial district near the railway company's track. These considerations, as well as the particular provisions in the ordinances of the city of Dallas, clearly distinguish this case, upon principle, from Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387, and the other Dallas cases cited by appellee, which involve the issue of nuisance.

[10] The general rule is that reasonableness is a question of law for the court. Munger Oil & Cotton Co. v. City of Groesbeck (Tex. Civ. App.) 194 S. W. 1121. Our Supreme Court has held that where that issue is controverted it should be submitted to a jury, Austin v. Austin City Cemetery Association, 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114, in which it is also held that the burden of establishing the unreasonableness of an ordinance is upon the party attacking it. McQuillin also says the rule is that municipal corporations are prima facie the sole judges respecting the necessity and unreasonableness of their ordinances, and hence the legal presumption is in their favor, and in case of doubt the courts are inclined to defer to the judgment of the municipal authorities in determining the questions, and, in passing upon their reasonableness, the courts will consider all the facts and circumstances which probably influence the council in its action. 2 McQuillin Municipal Corporations, §§ 729, 730, 731, 732. See, also, 1 Cooley's Constitutional Limitations, pp. 417–423.

The trial court who heard the evidence having held that the ordinance was a reasonable regulation, we do not feel that we would be justified in reversing his ruling. The judgment is, therefore, affirmed.