### HARVEY et al. v. CITY OF SEYMOUR.
#### (No. 489.)

Court of Civil Appeals of Texas. Eastland.
March 1, 1929.

Dickson & Dickson, of Seymour, for appellants.

Joe A. Wheat, of Seymour, and Carrigan, Britain, Morgan & King, of Wichita Falls, for appellee.

HICKMAN, C. J. Appellee, the city of Seymour, filed suit in the court below against appellants to enjoin them from erecting, constructing, and operating a cotton gin on the east one-half of block 4, original town of Seymour. The injunction was sought on two different grounds: First, that such cotton gin would be a nuisance; and second, that the land upon which it was alleged appellants were preparing to erect a gin was within a restricted area in the city of Seymour within which the ordinance of such city forbade the erection and operation of a cotton gin. The trial court sustained a special exception to that portion of the city's petition in which an injunction was sought on the ground that the contemplated cotton gin would be a nuisance. No cross-assignment is before us complaining

of this action of the trial court, and it need not, therefore, be further noticed. After a hearing on the merits, judgment was entered in favor of the city, perpetually enjoining appellants from erecting, constructing, and operating a gin on said property. The injunction was granted upon that portion of appellee's petition which alleged and relied upon an ordinance prohibiting the erection and operation of certain industrial plants within the territory therein defined. The appeal is from that final judgment.

Upon the trial of the case, no witnesses were offered; the only evidence introduced being documentary. The city offered its Ordinance No. 92, and also an ordinance enacted after the institution of the suit, known as Ordinance No. 84. We shall have occasion in this opinion to consider only Ordinance No. 92, which was enacted on May 11, 1925, and which provided, among other things, that it should thereafter be unlawful for any person, etc., to erect, construct, build, own, or operate any cotton gin, elevator, textile mill, or slaughterhouse within the limits of a certain defined section of the city, which was described in the ordinance by certain streets as boundaries. The ordinance, in section 2, contained this language:

"It being determined by the City Council that the erection of any such building as above mentioned are injurious to the health and peaceful occupation of the inhabitants within such section, and there not being in said section any of the kind of said buildings above referred to."

It is admitted that the land upon which appellants contemplated the erection of the cotton gin was included within the restricted area as defined and bounded in the ordinance.

One of the defenses pleaded by the appellants was that the ordinance constituted an unreasonable restraint upon their rights to the exercise and enjoyment of their property, and that same was discriminatory against them and in favor of their competitors, in that other gins were being operated on property adjacent to their property and to which more residences were adjacent than to appellants' property. This defense will be noticed later.

Another defense was based upon the facts that on April 25, 1927, one of the appellants went before the city council of the city of Seymour at a regular session and advised the council fully of an option contract appellants had to purchase the lot of land above mentioned, provided the city would grant permission for the erection of the gin on the lots and the persons residing in that portion of the city would likewise agree to its erection; that thereupon the following proceedings were had:

"Seymour, Texas, April 25th, 1927.

"Mr. H. R. McDavid and Mr. W. F. Hooser met with the Council in reference to building a gin on the East ½ of Blk. No. 4 of the original addition to the city of Seymour. Motion made and seconded that gin ordinance be amended to exclude the East ½ of Blk. No. 4, original addition to the city of Seymour, Texas, in gin zone. Motion carried with three votes for and one against."

On the following morning certain property owners in the vicinity of this lot signed an agreement for the erection of the gin. Thereafter a protest in writing, signed by other property owners and residents, was presented to the city council. The matter came up for consideration before the council on May 9th, which was then disposed of by a motion to postpone action on the matter until the next regular meeting night. At the next regular meeting on May 23, 1927, an ordinance was read to the council and put upon its third reading and upon vote failed to pass by a vote of two in the affirmative and three in the negative. The ordinance was declared rejected. This ordinance undertook to accomplish in a legal manner what was intended to be accomplished in the motion of April 25th above referred to, namely, to exclude appellant's prospective gin sight from the restricted area described in Ordinance No. 92. After the passage of the motion of April 25th, and the signing by certain citizens of their written consent to the erection of the gin, the appellants exercised their option to purchase the property, and actually paid a valuable consideration therefor, and moved certain building materials thereon.

This statement of facts discloses that appellants have probably been injured on account of their reliance upon the action of the city council on April 25th in passing the motion above mentioned, but their injury is not one for which the law provides any relief. The motion of April 25, 1927, was not an ordinance.

Article 1012, R. S. 1925, provides that: "The style of all ordinances shall be 'Be it ordained by the City Council of the city of ———.'" This provision of the statute is mandatory, and an ordinance not containing such enacting clause is void. Castleberry v. Coffee (Tex. Com. App.) 272 S. W. 767; Galveston, H. & S. A. R. Co. v. Harris (Tex. Civ. App.) 36 S. W. 776.

The motion in the instant case was not intended as an ordinance, does not appear to have been in writing, or to have been read three times, but was merely an ordinary motion orally made. Such motion did not have the effect of amending or in anywise affecting Ordinance No. 92 theretofore enacted. Appellants cannot, therefore, rely upon this motion, but are in the attitude of having undertaken the erection of a cotton gin in a zone in which its erection was prohibited by ordinance. American Construction Co. v. Seelig, 104 Tex. 16, 133 S. W. 429; American Construction Co. v. Caswell (Tex. Civ. App.) 141

S. W. 1013; American Construction Co. v. Davis (Tex. Civ. App.) 141 S. W. 1019.

■■ The only other defense which we need notice is the one above suggested, namely that Ordinance No. 92 was void. We think it is well established that, unless by the very language itself, as in the case of Spann v. City of Dallas, 111 Tex. 350, 235 S. W. 513, 19 A. L. R. 1387, an ordinance is unreasonable, the courts must presume, in the absence of evidence to the contrary, that the ordinance is reasonable, and that it was enacted by the legislative body of the city in the exercise of its sound discretion. The burden is on one attacking an ordinance on the ground of its unreasonableness both to allege and prove the facts which make it so. City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114; Munger Oil & Cotton Co. v. City of Groesbeck (Tex. Civ. App.) 194 S. W. 1121; Scruggs v. Wheeler (Tex. Civ. App.) 4 S.W.(2d) 616.

■ On the trial of this case, appellants offered no witnesses. Their sworn answer alleged the unreasonableness of the ordinance, and gave some reasons for the conclusion that same was unreasonable and discriminatory. But the trial court found against their conclusions. There is nothing in the record before us which would warrant or justify us in setting aside and refusing to give effect to this finding of the trial court. We think it unquestionably within the authority of a city council to designate an area within the city within which cotton gins and like industries shall not be operated. City of Austin v. Austin City Cemetery Ass'n, 87 Tex. 330, 28 S. W. 528, 47 Am. St. Rep. 114; Scruggs v. Wheeler (Tex. Civ. App.) 4 S.W.(2d) 616.

In the absence of any proof to the contrary, and in support of the findings of the trial court, we must presume that the ordinance was reasonable and was not arbitrarily enacted as a discrimination against any person.

We do not believe the record discloses any reversible error committed in the court below, and its judgment will therefore be affirmed.